[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Michael S. Bracken, Jr., (hereinafter Bracken) was employed by the Windsor Locks Police Department (hereinafter Department) as a supernumerary policeman from November 1981 to CT Page 1222 September 23, 1987. Bracken's position as supernumerary policeman was terminated by the Windsor Locks Board of Police Commissioners.
Thereafter, Bracken filed a complaint with the Connecticut State Board of Labor Relations, (hereinafter Board). The Board, despite contentions to the contrary by the Department determined that it had jurisdiction to hear said complaint and render a decision thereon.
The sole issue presented to this court is whether Bracken falls within the provisions of Conn. Gen. Stats. 7-467(2) and (3), which provides:
 "(2) `Employee' means any employee of a municipal employer, whether or not in the classified service of the municipal employer, except . . . . part-time employees who work less than twenty hours per week working for a period of not more than one hundred twenty calendar days in any calendar year;"
It is undisputed that Bracken worked 105 days in 1986 and 92 days in 1987.
However, the findings of the Board regarding the number of weeks that Bracken worked more than 20 hours per week is subject to contention and disagreement.
The Board found "5. During calendar year 1986, Bracken worked more than twenty hours per week for twenty-six weeks of 52 working weeks" and "6. During calendar year 1987, Bracken worked in excess of twenty hours per week for seventeen weeks for a total of 28 weeks prior to his discharge."
These findings are subject to correction pursuant to Conn. Gen. Stats. 4-183g which provides "the court may affirm the decision of the agency or remand the case for further proceedings. The Court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
The court has very carefully studied and analyzed Bracken's days and hours worked records for 1986 and 1987. Because the CT Page 1223 Board's findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record, the court finds that Bracken worked a total of 105 days in 1986, which included 17 weeks in which he worked 20 hours or more in any given work week. The correlation of this is that Bracken worked less than 20 hours in 35 weeks of the calendar year 1986.
The court further finds that Bracken worked a total of 92 days in 1987 which included 18 weeks in which he worked 20 hours or more in any given work week. Again the correlation of this is that Bracken worked less than 20 hours in 34 weeks of the calendar year 1987.
It is an inescapable conclusion that Bracken was a part-time employee. This conclusion is also supported by the Board finding #3, "Michael S. Bracken, Jr., a resident of Windsor Locks, was employed by the Town's Police Department as a supernumerary police office, a PART-TIME POSITION, from November, 1981 to September 23, 1987." (Emphasis added).
A cardinal rule of statutory construction is that when the words of the statute are clear, they are to be given their commonly approved meaning and further judicial interpretation is not required. B. F. Goodrich Co. v. Dubno, 196 Conn. 1, 8 (1985). "Where the statute presents no ambiguity one need look no further than the words themselves which we assume express the intention of the legislature." Stitzor v. Rinaldi's Restaurant, 211 Conn. 116,118 (1989).
Applying the facts of this case, subject to the foregoing interpretational considerations, to Conn. Gen. Stats. 7-467(2) and (3), it is the conclusion of this court that Bracken is an excluded employee as a part-time employee who worked less than twenty hours per week on a seasonal basis. Therefore the Board did not have the statutory authority to accept jurisdiction of this case.
It is the judgment of this court that the petition for appeal from decision of Connecticut State Board of Labor Relations is sustained, and that the decision of the Connecticut State Board of Labor Relations is reversed and set aside and further the complaint of Michael S. Bracken, Jr. be dismissed for lack of jurisdiction.
MORAN, J.